IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES LAFAYETTE
MCGEE                                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:16-cv-955-DPJ-FKB

M.P.C.P. UNKNOWN
PENNINGTON, et al                                            DEFENDANTS

## OMNIBUS ORDER

This is an action pursuant to 42 U.S.C. § 1983 brought by Charles Lafayette McGee, an inmate in the custody of the Mississippi Department of Corrections. The Court held an omnibus hearing in this matter on July 2, 2018. During the omnibus hearing, the undersigned questioned Plaintiff concerning his claims and addressed other case management issues. Having considered Plaintiff's testimony at the omnibus hearing, the Court finds and orders as follows.

Plaintiff's claim, as clarified at the omnibus hearing, is that Defendants M.P.C.P. Unknown Pennington, Allameda Medical Services, and Global Enterprises & Outsourcing unnecessarily prescribed him Haldol beginning in 2010 (or earlier), and ending in 2011 while he was incarcerated at East Mississippi Correctional Facility. *See also* [13]. Plaintiff claims that in late 2014, Defendant M.P.C.P. A. Moore attempted to prescribe him Haldol again while he was incarcerated at Walnut Grove Correctional Facility, but that he never actually received any Haldol shots while there. Plaintiff clarified that the last time he was given Haldol was in 2011.

During the hearing, the parties indicated that they wanted to consent to magistrate judge jurisdiction. Because the hearing was conducted via video conference, only defense counsel could physically sign the notice of consent form. That signed form is being mailed to Plaintiff, along with this Order, for his signature, should he wish to consent to magistrate judge jurisdiction.

Also during the hearing, Plaintiff moved to dismiss Defendant Management & Training Corporation. The Court granted that motion. Management & Training Corporation is dismissed without prejudice.

The Court advised Plaintiff that Defendants M.P.C.P. Unknown Pennington, Allameda Medical Services, and M.P.C.P. A. Moore have not been served with process, and that it is his responsibility to provide an address where those defendants may be served.[1]

Discovery shall be limited to 25 interrogatories, 25 requests for production, and 25 requests for admission. All discovery must be completed by October 31, 2018. Any dispositive motions must be filed by November 14, 2018.

The Court will set this matter for trial after it has ruled on any dispositive motions, if necessary.

SO ORDERED, this the 9th day of July, 2018.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has previously advised Plaintiff of his responsibility to identify Defendants M.P.C.P. Unknown Pennington, Allameda Medical Services, and M.P.C.P. A. Moore for service of process. *See* [18], [28].